ORIGINAL

FILED

09/27/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0237

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 22-0237

MATTHEW OLDS,

    Plaintiff, Appellee, and Cross-Appellant,

v.

MARK HUELSKAMP,

    Defendant, Appellant, and Cross-Appellee.

FILED

SEP 27 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

### ORDER

Plaintiff, Appellee, and Cross-Appellant Matthew Olds, through counsel, has moved to stay this appeal and cross-appeal on the ground that he has unresolved motions for attorney fees and for costs that remain pending in the District Court. Defendant, Appellant, and Cross-Appellee Mark Huelskamp responds that he does not oppose a stay under certain conditions, but he believes this Court should instead order Olds to withdraw his Notice of Entry of Judgment in the District Court, and in turn allow Huelskamp to withdraw his Notice of Appeal before this Court with leave to re-file once the District Court matters are resolved.

Olds points to M. R. Civ. P. 58(e) and a prior ruling of this Court to argue that we should stay proceedings until the District Court rules on the outstanding motions. This Court, however, revised Rule 58(e), effective January 1, 2022, to eliminate the suspension of premature appeals. The case on which Olds relies was decided prior to that date. *In the Matter of the Montana Rules of Civil Procedure*, No. AF 07-0157, Order (Mont. Oct. 12, 2021). We revised M. R. App. P. 4(5)(a) at the same time to specify:

> (iii) A notice of appeal filed prior to the district court's ruling on any necessary determination of the amount of costs and attorney fees awarded, or sanctions imposed, may be dismissed sua sponte and shall be dismissed upon the motion of any party. The district court is not deprived of jurisdiction to enter its order on a timely motion for attorney fees, costs, or sanctions by the premature filing of a notice of appeal, in accordance with Rule 58(e), M. R. Civ. P.

*In the Matter of the Montana Rules of Appellate Procedure*, No. AF 07-0016, Order (Mont. Oct. 12, 2021). These revisions were implemented in part to eliminate the administrative difficulties posed by suspending premature appeals and to more clearly advise litigating parties regarding the disposition of prematurely filed appeals. *In the Matter of the Montana Rules of Civil Procedure*, No. AF 07-0157, Order (Mont. Aug. 4, 2021); *In the Matter of the Montana Rules of Appellate Procedure*, No. AF 07-0016, Order (Mont. Aug. 4, 2021).

Huelskamp points out that, under M. R. App. 4(5)(a)(i), a notice of entry of judgment under M. R. Civ. P. 77(d) triggers the time for filing a notice of appeal. He argues that he filed his notice when Olds refused to withdraw his premature notice of entry of judgment. Rule 77(d) states that a party "shall" serve notice of entry of "judgment or an order in an action in which an appearance has been made[.]" Olds served notice of entry of the jury's verdict, which was neither an order nor the final judgment in the case. His notice of entry of judgment was premature.

That notwithstanding, the rules are clear that appeals should not proceed until all issues in the case are resolved. As Rule 4(5)(a)(iii) provides, an appeal filed in this Court prior to the district court's ruling on any necessary determination of costs and attorney fees may be dismissed sua sponte and shall be dismissed upon the motion of any party. In the present case, neither party disputes that the outstanding determinations are necessary.

IT IS THEREFORE ORDERED that this appeal is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that this matter is REMANDED to the District Court. The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this 27 day of September, 2022.

2

_____

_____

_____

_____
Justices